*Southern District*

No. 5302

## LOUIS GONZAGA

v.

## ISABEL T. SILVIA MELLO

*Welch, J.* Tort or contract to recover for *overcharges in rent* made by the defendant between July 1, 1952 and June 1, 1953. The answer is a general denial, and sets up the statute of limitations, good faith by the landlord and compliance with the Housing and Rent Act of 1947, as amended.

At the trial the parties submitted the following statement of agreed facts:

"On or about June 25, 1952, the defendant first rented suite No. 2, 52 Norwood Street, Fall River, to the plaintiff. The parties agreed upon a monthly restal of $50 payable in advance, the first rent to be paid on July 1, 1952. Prior to said renting the defendant had occupied said apartment for seventeen consecutive years and continued to occupy the same until the tenancy agreement was entered into. The landlord has owned the property since 1935. The tenant paid the rent of $50 each month until the end of May 1953.

The landlord registered said accommodations with the Fall River Area Rent Office on April 10, 1953. She did not know until the early part of April 1953 that she was required by the rent law to register the apartment. In the early part of 1953 after consultation with her attorney on another matter she first learned that she was required to register the same and did so on the above date.

On May 5, 1953 the Area Rent Director for the Fall River Defense rental Area issued a Notice of Proposal to reduce the existing maximum rent for the apartment from $50 per month to $32.50 per month, effective July 1, 1953. Said Notice of Proposal was received by the landlord on May 6, 1953. On May 13, 1953 the landlord mailed a written objection to said proposal to the Area Rent Director and a copy thereof to the tenant. In said objection the landlord requested that she be granted an oral hearing on the proposal.

On May 27, 1953, without having granted a hearing as requested, the Area Rent Director issued an order reducing the maximum rent of said accommodation from $50 per month to $32.50 per month, effective July 1, 1952. This reduction order differed from the Notice of Proposal in that the effective date of the Order was made one year earlier than the proposed date.

The Area Rent Director conducted no hearings. Said Order also directed the landlord to refund to

the tenant the excess over $32.50 per month paid by the tenant since July 1, 1952 the date of the first renting.

On June 1, 1953 the landlord claimed an appeal from said order of the Rent Director to the Rent Advisory Board for Bristol County and on July 9, 1953 a hearing was had on said appeal. On July 31, 1953 the Federal Rent Control expired and no decision has ever been made on said appeal. No payment has been made by the landlord to the tenant as directed by the said Order.

From and after May 5, 1953, the date of the Area Rent Director's Notice of Proposal, the landlord has not collected from the tenant any rent in excess of $32.50 per month."

There was introduced at the trial Notice of Proceedings by the Rent Director Dated May 5, 1953, above referred to.

The following excerpts are pertinent:

"Because the present maximum rent is substantially higher than the rent generally prevailing in the defense rental area for comparable housing accomodations on the maximum rent date.

Therefore the Rent Director proposes to decrease the maximum rent from $50 per month to $32.50 per month.

The Rent Director proposes that the order decreasing the maximum rent be effective from July 1, 1953, for the reason (s) stated in Section 157 of the Rent Regulation."

There was also introduced an Order of the Area Rent Director Decreasing Maximum Rent and Requiring Refund to Tenant, above referred to, of which the following excerpts are pertinent:

"The Area Rent Director, after consideration of all the evidence in this matter, has determined that the maximum rent for the above described housing accomodations should be decreased on the grounds stated in Section 157 of the Rent Regulation, the

maximum rent so decreased and determined by this Order shall be effective from July 1, 1952.

Therefore, it is ordered that the maximum rent for the above described accomodations be, and it hereby is, decreased from $50 per month, to $32.50 per month, effective from July 1, 1952. No rent in excess of $32.50 (maximum rent established by this Order) may be received or demanded."

The defendant duly filed the following requests for rulings:

1. The Plaintiff's declaration sounds in Tort for fraud and in Contract for payment of money under a mistake of fact, and the Plaintiff has failed to prove that the Defendant defrauded the Plaintiff or that there was any mistake.

2. Where housing accomodations are first rented after July 1, 1947, the first rent charged for the accomodations is the "maximum rent."

Section 83 (a), Housing Rent Regulations, Dec. 19, 1951.

3. Until such maximum rent is effectively changed by the Rent Director, a landlord is entitled to receive and collect as rent for said accomodations, the amount of said "first rent."

4. The first rent charged by the Defendant was $50.00 per month, which remained the maximum legal rent until changed by the Rent Director.

5. The Rent Director may reduce the "maximum rent" of housing accomodations first rented after July 1, 1947, if he finds that such rent is substantially higher than that prevailing for comparable housing in the area, said reduction to be effective from the date of his order.

Section 157 (a), Housing Rent Regulations, Dec. 19, 1951.

6. The Rent Director cannot make his reduction order retroactive or require the landlord to refund any part of said "first rent", unless after a hearing he makes the following express findings of fact:

a. The landlord knew of his obligation to register said accommodations within thirty days after first renting the same, and

b. The landlord negligently failed or deliberately refused to do so.

Section 83 (b) Housing Rent Regulations, Dec. 19, 1951.

7. The Rent Director did not hold any hearing, or make any findings as to landlord's state of mind, as required by said regulation.

8. The refund order of the Rent Director, insofar as the same referred to the refund of rents collected prior to May 27, 1953, was invalid.

9. The landlord may litigate the validity of an order of the Rent Director in his defense to an action based upon said order. *Forde v. U. S.,* 189 F. 2d 727.

10. The Defendant did not know until April of 1953 that she was required to register the accommodations which were rented to the Plaintiff.

11. The defendant neither negligently failed nor deliberately refused to register the accommodations which she rented to the Plaintiff.

12. At the time of each rent payment by the Plaintiff to the Defendant, the rent paid was no greater than the existing maximum rent.

13. There is no right of action at common law to recover damages or penalties for violation of the Housing and Rent Act of 1947.

14. Title 50 U.S.C. App. 1895 (P. L. 547 82 Congress Sec. 205) exclusively prescribes the grounds on which a tenant may sue the landlord under the Housing and Rent Act of 1947.

15. Said section grants no right of action to the tenant for recovery of rents, which, when paid, were no greater than the existing maximum rent ceiling for said accommodations, notwithstanding the same may have been later reduced. *Whitehead v. Henry,* 85 Ga. App. 495 (1951). *Certiorari denied* 342 U.S. 933.

16. The only method in which a refund order of the Rent Director under Section 93 (b) of the Rent Regulations can be enforced is by a suit in equity by the United States seeking a mandatory order of restitution. 50 U.S.C. App. 1896 (b) (P. L. 547, 82nd Congress Sec. 206 (d) ).

17. There is no evidence that the Plaintiff ever paid to the Defendant any rent in excess of the maximum rent, in existence at the time of said payment.

18. The Plaintiff cannot recover in this action. *Whitehead v. Henry*, 84 Ga. App. 495 (1951) Cert. denied 342 U. S. 933."

The Court denied the defendant's requests for rulings by failing to act on them. He found for the plaintiff in the sum of $162.50 with costs. The defendant claims to be aggrieved by the denial of her requests for rulings.

The 1947 Housing and Rent Act (50 U S C A, Appx. sec. 1881 et seq., FCA Title 50, Appx 94, secs. 1 et seq.) was designed to continue, with some modifications, the program of rent control and aid to housing which had been instituted as a part of the general price control and aid to housing which had been instituted as part of the price control program embodied in Emergency Price Control Act of 1942 and which expired with the termination of price controls on June 30, 1947.

The 1947 statute, recognizing the emergency in the field of housing, provided for the extension of controls in that field. Section 201. Enforcement of the maximum rent provisions of the statute was provided for by authorizing the Housing Expediter to bring injunction proceedings, and providing for damage action by tenants, in which overcharges and counsel fees might be recovered, and, in the event of a wilful violation, treble damages were authorized. Section 205.

The Housing Expediter issued interpreting regulations under authority of the 1947 statute. Section 83 (a) of these was as follows: "For housing accom-

modations first rented on or after July 1, 1947, the maximum rent shall be the first rent for such accomodations." The first rent of the premises in question was $50.00 per month.

The Area Rent Director in his notice of May 5, 1953 proposed to decrease the maximum rent, to be effective from July 1, 1953. The notice was received by the landlord on May 6, 1953. On May 13, 1953 she mailed a written objection to said proposal to the Area Rent Director and requested an oral hearing. No hearing was granted.

On May 27, 1953 the Area Rent Director issued an order reducing the maximum rent from $50 per month to $32.50 per month, effective July 1, 1952. This reduction order differed from the Notice of Proposal in that the effective date of the Order was made one year earlier than the proposed date. The Order also directed the landlord to refund to the tenant the excess over $32.50 per month paid by the tenant since July 1, 1952, the date of the first renting.

On June 1, 1953 the landlord claimed an appeal from said Order of the Rent Director to the Rent Advisory Board for Bristol County and on July 9, 1953 there was a hearing.

On July 31, 1953 Federal Rent Control expired and no decision has ever been made on said appeal.

There has never been a valid Order reducing the rent. The landlord had a right to appeal and did appeal from the Order of June 1, 1953. Rent Procedural Regulation 2, Office of Housing Expediter, as amended, Sections 840.113 to and including s. 840.129. No decision was made thereon before Federal Rent Control expired.

Administrative proceedings before the Area Rent Director to fix maximum rent under rent regulations is quasijudicial in character and under requirements of procedural due process there was required to be notice to affected parties and an opportunity to be heard. *U.S. v. McCrillis*, 200 Fed. 2d, 884.

Inasmuch as no decision was given on the land-lord's appeal, the Order of the Area Rent Director dated May 27, 1953 was of no legal effect.

There was prejudicial error in the denial of the defendant's second, third, seventeenth and eighteenth requests for rulings.

*The finding for the plaintiff is to be vacated and judgment entered for the defendant.*

John J. Harrington, for the plaintiff.

Horvitz & Horvitz, for the defendant.